Gerald ROMANSKY, Appellant,

v.

Larry POLANSKY, Appellee.

No. 82–1488.

District of Columbia Court of Appeals.

Argued April 21, 1983.

Decided Sept. 30, 1983.

David M. Dorsen, Washington, D.C., for appellant.

Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, BELSON and TERRY, Associate Judges.

PER CURIAM:

In November 1980 appellant was hired as Administrative Assistant to appellee, who is the Executive Officer of the District of Columbia Courts. Although appellant's work was apparently satisfactory in substance, it appears that a good working relationship did not develop between the parties. The situation culminated in June 1981, when appellee advised appellant that his employment would be terminated effective August 1, 1981. This discharge was effected without formal approval of the Joint Committee on Judicial Administration of the District of Columbia ("Joint Committee").[1]

Thereupon appellant brought the instant wrongful discharge action. After appellant voluntarily dismissed the contractual counts of his complaint, the parties made cross-motions for summary judgment on the remaining issue: whether the lack of Joint Committee approval of the termination had violated D.C.Code § 11–1725(a) (1981). The trial court granted appellee summary judgment, and this appeal followed. Finding no error, we affirm.

Appellant contends that the trial court erred in its construction of § 11–1725, which provides:

> (a) Subject to the approval of the Joint Committee, the Executive Officer shall appoint, and may remove, the Fiscal Officer, and such other personnel whose principal function is to perform duties for both District of Columbia courts.

> (b) The Executive Officer shall appoint, and may remove, the Director of Social Services, the clerks of the courts, the Auditor-Master, and all other nonjudicial personnel for the courts (other than the Register of Wills and personal law clerks and secretaries of the judges) as may be necessary, subject to—

> > (1) regulations approved by the Joint Committee; and

> > (2) the approval of the chief judge of the court to which the personnel are or will be assigned. . . .

The statute divides nonjudicial court employees into two categories and allocates authority to review hirings and terminations within each category. Subsection (a) covers employees who, like appellant, serve both the Superior Court and the Court of Appeals. The Executive Officer's appointment and removal of such employees is "subject to" the Joint Committee's approval. Subsection (b) covers employees who serve in only one court. The Executive

---

1. The Joint Committee consists of the chief judges of the Superior Court of the District of Columbia and the District of Columbia Court of Appeals, one associate judge from the Court of Appeals, and two associate judges from the Superior Court. D.C.Code § 11–1701(a) (1981).

Officer's actions with respect to such employees are "subject to" regulations approved by the Joint Committee and the approval of the chief judge of the relevant court.

Appellant regards § 11–1725 as a statute that sets forth nonjudicial employees' procedural rights in connection with personnel actions. Appellant also views the statutory term "subject to" as mandatory, requiring the Joint Committee to review each and every appointment and dismissal of a subsection (a) employee, or requiring the chief judge of the affected court to review all hirings and firings of subsection (b) employees. Finally, appellant regards the statutory review obligations set forth in the statute as nondelegable.

■ We do not regard the statute as one that establishes personnel procedures. Rather, we view §§ 11–1701, –1702, –1703, and –1725 as distributing authority among the Joint Committee, the chief judges, and the Executive Officer. These statutory provisions were intended to permit the Executive Officer to exercise day-to-day control over nonjudicial personnel, while authorizing, but not mandating, the Joint Committee or the chief judges to review the Executive Officer's appointments and terminations. *See generally* S.REP. No. 91–405, 91st Cong., 1st Sess. 13 (1969); Statement of the Managers on the Part of the Senate, 91st Cong., 2d Sess., Submitted Regarding the Conference Action Upon S.

2601, the President's Crime Legislation for the District of Columbia 10–11 (Comm.Print 1970). Thus, in our view, § 11–1725 should be construed as allocating discretionary authority to, not as imposing duties upon, the Joint Committee and the chief judges.[2]

■ This being the case, appellant must look to the Joint Committee's Comprehensive Personnel Policies ("CPP's") in order to ascertain what procedural rights, if any, he possessed with respect to his employment. Under the CPP's appellant's former position as Administrative Assistant to the Executive Officer is explicitly included within the "excepted service" classification, which consists of positions "of a confidential or policy determining character." CCP's 500 & 504. As such he was not covered by the merit personnel system; instead, he served at the pleasure of the official who appointed him—in this case, appellee. *See* CCP 502. He was entitled to no job tenure or job protection, CPP 503, and had no substantive or procedural rights in connection with his employment.

*Affirmed.*

---

**2.** Because we do not view § 11–1725 as imposing duties, it is unnecessary to address appellant's apparent contention that the Joint Committee improperly delegated its duties under § 11–1725 by promulgating the Comprehensive

Personnel Policies, which are discussed *infra*. It is worth noting, however, that the Joint Committee promulgated the policies pursuant to D.C.Code § 11–1701(b)(1), not, as appellant apparently suggests, pursuant to § 11–1725.